**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| MICHELE KELLER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>                    Plaintiff<br><br>vs.<br><br>LENDVIA LLC<br><br>                    Defendant. | Case No. |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

3.     The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the National Do Not Call Registry, as was Ms. Keller's prior to receiving the call.

4.     Plaintiff Michele Keller ("Plaintiff") brings this action under the TCPA alleging that LendVia LLC called the Plaintiff, whose number is on the National Do Not Call Registry, including some calls which utilized prerecorded messages. Those calls were made without the call recipient's prior express written consent.

5.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

7.     Plaintiff Michele Keller resides in Laurens County, South Carolina.

8.     Defendant LendVia LLC is a company headquartered in the state of CaliforniaTC that sells various sorts of personal loans, including debt consolidation loans.

### Jurisdiction & Venue

9.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     This Court has specific personal jurisdiction over Defendant LendVia LLC, because it made telemarketing calls into this state.

11.    Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant made the calls into this District.

## The Telephone Consumer Protection Act

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA Prohibits Prerecorded Calls to Cell Phones

16.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

18.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

The SCTPPA

19.     On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

20.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

21.     The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA.  S.C. Code § 37-21-80.

**Factual Allegations**

22.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23.     Defendant LendVia LLC is a seller of various loan products.

24.     To generate business, LendVia places telemarketing calls to numbers on the National Do Not Call Registry, including using prerecorded messages.

25.     Ms. Keller's cellular telephone number, (864) XXX-XXX, is a non-commercial telephone number.

26.     Ms. Keller uses the number for personal, residential, and household reasons.

27.     Ms. Keller's telephone number has been listed on the National Do Not Call Registry since she personally registered it there in 2023.

28.     Plaintiff has never been a customer of LendVia, never did business with LendVia, nor asked or inquired to be a customer of LendVia.

29.     Despite that, in 2025 Ms. Keller has received several pre-recorded messages that play similar messages:

> Hello, this is an urgent message from US loan services. We've been trying to reach you regarding your personal loan preapproval offer, but I've been unable to connect with you to speak with our underwriting team and complete the process. Press one now…

30.     In order to ascertain the identity of the caller behind these calls that was calling her illegally, the Plaintiff called the number back and was connected to an individual who stated that he was a Loan Specialist and identified himself as "Ryan" with "US Loan Services" located in Irvine, California.  After Ryan asked Plaintiff for her social security number for a "soft credit check," she became even more concerned and asked additional questions, during which "Ryan" finally acknowledged that he was actually calling on behalf of Defendant LendVia.

31.     The Plaintiff's privacy was invaded on the calls.

## Class Action Statement

32.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

34.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of LendVia, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

> **SCTPPA Class:** All persons with a South Carolina area code to whom (a) at any time in the period that begins four years before the date of filing this Complaint to trial (b) Defendant, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

35.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

36.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

38.     This Class Action Complaint seeks injunctive relief and money damages.

39.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

40.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

41.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

42.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

44.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.    Whether Defendant made calls to Plaintiff and members of the SCTPPA Class;

b.    Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c.    Whether Defendant's conduct constitutes a violation of the TCPA; and

d.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

46.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

47.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)(1)(A)(iii)) on behalf of the Robocall Class

49.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50.    The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

51.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.    The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

53.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## SECOND CAUSE OF ACTION

### Violation of the SCTPPA

54.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

8

55.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

56.     The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

<u>**Relief Sought**</u>

For themselves and all class members, Plaintiff request the following relief:

A.     Certification of the proposed classes;

B.     Appointment of the Plaintiff as representatives of the classes;

C.     Appointment of the undersigned counsel as counsel for the classes;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 9th day of April, 2025.

PLAINTIFF,
By her attorneys,

By:     _s/ Dave Maxfield_____
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Anthony I. Paronich *(to apply Pro Hac Vice)*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com